## In re: MERIX CORPORATION SECURITIES LITIGATION.

**Central Laborers Pension Fund, Plaintiff–Appellant,**

v.

**Merix Corporation; et al., Defendants–Appellees.**

No. 06–35894.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2008.

Filed April 22, 2008.

Gary M. Berne, Esq., David C. Rees, Stoll Stoll Berne Lokting & Schlachter, PC, Portland, OR, Gregory M. Castaldo, Esq., Andrew L. Zivitz, Esq., Michelle M. Newcomer, Esq., Schiffrin Barroway Topaz & Kessler, LLP, Radnor, PA, for Plaintiff–Appellant.

Ronald L. Berenstain, Joseph E. Brangham, Esq., Perkins Coie, LLP, Richard L. Baum, Esq., Seattle, WA, Jay A. Zollinger, Esq., Perkins Coie, LLP, Thomas C. Sand, Esq., Bruce L. Campbell, Esq., Ky B. Fullerton, Esq., Miller Nash, LLP, Darryl S. Lew, Esq., Portland, OR, White & Case, LLP, Washington, DC, Michael S. Shuster, Esq., James T. Cain, Esq., White & Case

LLP, New York, NY, for Defendants–Appellees.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

MEMORANDUM *

Central Laborers Pension Fund (the "Fund") appeals the district court's dismissal with prejudice of the Fund's Second Consolidated and Amended Class Action Complaint ("SAC") alleging violations of Sections 12 and 15 of the Securities Act by Merix Corporation and various other individuals and companies (collectively, "Defendants"). We have jurisdiction over this appeal under 28 U.S.C. § 1291. We reverse.

The Fund is not foreclosed from making allegations or claims in the SAC that are inconsistent with or contradicted by allegations or claims made in the Fund's previous complaint. *See PAE Gov't Servs. v. MPRI, Inc.,* 514 F.3d 856, 858–60 (9th Cir.2007).

Fraud is not an essential element of the claims raised in the SAC, and the SAC neither specifically alleges fraud, nor does it allege facts that *necessarily* constitute fraud. *See Vess v. CIBA–GEIGY Corp. USA,* 317 F.3d 1097, 1104–05 (9th Cir. 2003). Accordingly, the allegations in the SAC do not "sound in fraud" and the SAC is not required to comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See id.*

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We have considered and reject the additional arguments raised by Defendants.

REVERSED AND REMANDED.

RYMER, Circuit Judge, concurring.

I concur because the majority's is a fair read of *Vess v. CIBA-GEIGY Corp. USA*, 317 F.3d 1097, 1104–05 (9th Cir.2003), and *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858–60 (9th Cir.2007). That said, it is unclear to me how *Vess*—which is not a securities case—melds with *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399 (9th Cir.1996), and *In re Daou Sys., Inc.*, 411 F.3d 1006 (9th Cir.2005)—which are. It is also difficult to square the strict liability nature of a Section 12 and 15 Securities Act violation with a *Vess* or *Stac* analysis. And it is tough to read the amended pleading in this case as claiming anything other than a classic securities fraud. For sure the magic words are missing, and the plaintiff is the master of the complaint; still the scheme alleged in the amended pleading walks and talks like fraud, as did the scheme averred in the original pleading. It's hard to say that Merix's reputational harm (which Rule 9(b) is there to protect) is any less obvious in the amended pleading than it was in the original pleading. Perhaps it is time we tried to straighten our law out.